IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL KERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:15-cv-83 |
| vs. ) | |
| ) | |
| CAPITAL MANAGEMENT SERVICES, ) | |
| LP; and HPG ENTERPRISES, LLC, ) | |
| formerly known as CMS GP, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Michael Kern brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Capital Management Services, LP ("CMS"). Also named is CMS' general partner, HPG Enterprises, LLC, formerly known as CMS GP, LLC, ("HPG"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

1

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications and activities impacted plaintiff within this District;

    b. Defendants transact business within this District;

    c. Defendants are subject to personal jurisdiction within this District.

## PARTIES

5. Plaintiff is an individual who resides in this District.

6. Defendant CMS is a limited partnership entity chartered under the law of Delaware with its principal offices at 726 Exchange Street, Suite 700, Buffalo, NY 14210.  It does or transacts business in Indiana.  Its registered agent and office is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

7. Defendant CMS operates a collection agency.

8. Defendant CMS uses the mails and telephones to collect debts originally owed to other entities.

9. CMS is a "debt collector" as defined in the FDCPA

10. Defendant HPG is a limited liability company chartered under the law of Delaware with principal offices at One Park Plaza, Nashville, Tennessee 37203.  Its registered agent and office is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

11. Defendant HPG is the general partner of CMS.

12. The acts of CMS are attributable to HPG.

2

## **FACTS**

13. CMS has been attempting to collect an alleged credit card debt from plaintiff.

14. Any such debt was incurred for personal, family or household purposes and not for business purposes.

15. On or about April 3, 2014, CMS sent plaintiff the letter attached as <u>Exhibit A</u>.

16. <u>Exhibit A</u> is a form letter.

17. <u>Exhibit A</u> states in bold letters and emphasized by a box that "Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on form 1099C, a copy of which will be mailed to you. If you are uncertain of the tax consequences, consult your tax advisor."

18. This statement is false and misleading.

19. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> **(2) Interest. The discharge of an amount of indebtedness that is interest <u>is not required to be reported</u> under this section.**
>
> **(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal <u>is not required to be reported</u> under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**

20. It is thus entirely possible to forgive $600 or more of the debt and yet not be required to even file a 1099C.

21. Furthermore, recipients of collection letters are often insolvent. Discharge of a

debt is not taxable income if the debtor is insolvent.

22. Defendants thus give erroneous and/or incomplete tax advice to consumers.

23. The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay in full will get the consumer into trouble with the IRS.

## VIOLATION ALLEGED

24. The statement in the letter is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(l0).  *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 WL 5422103 (E.D. Pa., Oct. 27, 2014); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

25. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)   The false representation of--**
>
> > **(A)   the character, amount, or legal status of any debt; . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

      i.      Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman